# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD BRIGGS,<br><br>              Plaintiff,<br><br>     v.<br><br>PATROLMAN BECKER, et al.,<br><br>              Defendants. | Civil Action No.<br>18-16773 (RBK) (AMD)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Richard Briggs, is a prisoner currently incarcerated at the Central Reception and Assignment Facility, in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## I. BACKGROUND

The Court will construe the allegations of the complaint as true for the purpose of this Opinion. Plaintiff names Patrolman Becker and John Doe officers of the Mount Ephraim Police Department as Defendants in this matter. (ECF No. 1, at 4-5). This case arises from Plaintiff's arrest and subsequent detention at the Mount Ephraim Police Station and Camden County Jail. (*Id*., at 10).

On September 13, 2016, Defendant officers pulled over a vehicle for tinted windows, in which Plaintiff was a passenger. The driver of the vehicle provided the officers with the requested documents, along with a police benevolent association card bearing Plaintiff's name. Plaintiff had worked at South Woods State Prison as a corrections officer, but the prison had terminated his employment in August of 2016. (*Id*. at 9).

An altercation then took place, after one of the officers searched Plaintiff's name and found that Plaintiff was facing child molestation charges. One officer acted "like a deranged individual" taking issue with the notion that Plaintiff was receiving a pension, yelled a racial slur at Plaintiff, and demanded to see Plaintiff's retirement paperwork. (*Id.*). Plaintiff feared for his life and tried to explain that he did not yet have any official paperwork and tried to record the incident with his phone. The officers then arrested Plaintiff "for hindering an investigation." (*Id.*).

While waiting at the Mount Ephraim Police Department's holding cell, Plaintiff, a diabetic, complained that he was experiencing severe headaches, dry mouth, blurred vision, and belligerence, due to a lack of insulin, but the officers ignored his pleas. Officials then transferred Plaintiff to the Camden County Jail where a nurse eventually gave him medication, but that his blood sugar was at "stroke numbers." (*Id.*).

Plaintiff now raises false arrest, false imprisonment, and deliberate indifference claims, as well as corresponding state law claims against all Defendants.

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

As an initial matter, the Court will address the statute of limitations on § 1983 claims since it appears from the face of Plaintiff's Complaint that this action is time-barred. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013).

Although § 1983 provides a federal cause of action for personal-injury claims, the laws of the State in which the action arose governs the statute of limitations. *Estate of Lagano v. Bergen Cty. Prosecutor's Office,* 769 F.3d 850, 859 (3d Cir. 2014). In New Jersey, the statute of limitations for personal-injury torts is two years. N.J. Stat. Ann. § 2A:14-2. However, while state law provides the applicable statute of limitations, federal law controls when that the statute of limitations begins to accrue. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Federal law instructs that a § 1983 action begins to run when a plaintiff knows of or has reason to know of the injury. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Significantly, accrual does not depend on whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F.Supp.2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.

With those principles in mind, Plaintiff knew of or had reason to know of his injuries on September 13, 2016. First, as to his false arrest and false imprisonment claims, plaintiff must demonstrate: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Further, a claim for false imprisonment arises when officers arrest a person without probable cause and subsequently detain that person pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198,

201 (3d Cir. 2011) (per curiam). "Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause." *E.g.*, *Conner v. Mastronardy*, No. 13-3034, 2014 WL 2002350, at *3 (D.N.J. May 14, 2014).

Generally construing the instant complaint, Plaintiff was certainly aware that Defendant officers arrested him on September 13, 2016 and alleges that racism and other improper motives instigated his arrest, rather than probable cause. On that same day, Plaintiff was also aware of his detention as a result of that unlawful arrest. Consequently, Plaintiff's false arrest and imprisonment claims began to accrue on September 13, 2016.

As to Plaintiff's deliberate indifference claims, Plaintiff must demonstrate: "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). In the present case, Plaintiff, a diabetic, alleges that he was aware of his serious need for insulin on September 13, 2016, and that Defendant officers ignored his pleas, creating an excessive risk of stroke to the Plaintiff. (ECF No. 1, at 9 (alleging that his blood sugar was at "stroke numbers")).

Taken together, Plaintiff knew or should have known of his injuries and their connection to the Defendants and had a complete cause of action as to all of his claims on September 13, 2016, and the statute of limitations required him to file a complaint as to those claims on or about September 13, 2018. Accordingly, because Plaintiff did not file the instant complaint until November of 2018, the statute of limitations bars these claims and any claims with a two-year statute of limitations that began to accrue prior to November of 2016.

Certain statutes and doctrines may allow the Court to toll the statute of limitations, but Plaintiff fails to articulate any basis for such tolling. For example, New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.,* N.J. Stat. Ann. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. Ann. § 2A:14–22 (detailing tolling because of non-residency of persons liable). New Jersey law also permits "equitable tolling" where an adversary's misconduct induced or tricked a complainant into allowing the filing deadline to pass, or where "in some extraordinary way" someone or something prevented plaintiff from asserting his rights, or where a plaintiff has timely asserted his rights through a defective pleading or in the wrong forum. *See Freeman v. New Jersey,* 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002). However, absent a showing of a defendant's intentional inducement or trickery, the Court should apply the doctrine of equitable tolling sparingly and only where sound legal principles and the interest of justice demand its application. *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrines. *See Lake v. Arnold,* 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where extraordinary circumstances prevent a plaintiff from asserting her claims; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. *Id.* at 370, n.9. In this case, Plaintiff fails to articulate any basis for equitable tolling.

Accordingly, because it is apparent that all of Plaintiff's claims are time-barred as they arose prior to November of 2016, the Court will dismiss such claims as untimely. If Plaintiff believes that he can assert facts that warrant tolling, he may move to re-open this case and to file an amended complaint stating the basis for such tolling.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's complaint without prejudice.  An appropriate Order follows.


Dated:  April  26 , 2019                                   s/Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge