# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD BRIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>PATROLMAN BECKER, et al.,<br><br>    Defendants. | Civil Action No.<br>18-16773 (RBK) (AMD)<br><br>**OPINION AND ORDER** |

Before the Court are Plaintiff's requests to reopen this case and to appoint counsel. (ECF No. 9). On May 8, 2019, the Court dismissed the Complaint without prejudice for failure to state a claim. (ECF Nos. 7, 8). In the interests of justice, the Court provided Plaintiff with an opportunity to move to reopen this case. (ECF No. 8).

Thereafter, Plaintiff filed the instant request to reopen, without filing a motion, brief in support thereof, and proposed amended complaint, in violation of the Court's earlier Order, Federal Rule of Civil Procedure 15, and Local Rules 7.1(d)(1) and 7.1(f). Accordingly, the Court will deny Plaintiff's request to reopen this case. If Plaintiff wishes to proceed in this case, he must file a comprehensive proposed amended complaint, along with a motion to amend, and a brief in support of his motion, that specifically address the deficiencies in Plaintiff's initial Complaint, as stated in the Court's earlier Opinion.

With regard Plaintiff's request to appoint counsel, our jurisprudence provides the Court with broad discretion in determining whether to request representation for an indigent civil litigant notwithstanding the fact that indigent civil litigants "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). In evaluating

a motion seeking appointment of counsel, a court must first determine whether a plaintiff's claims have arguable merit. *Id.* at 155.

If a court finds that a plaintiff's claims have merit, the court should consider the following non-exclusive factors: 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; 4) the amount a case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on her own behalf. *See id.* at 155–57.

As discussed above, Plaintiff's initial Complaint failed to state a claim entitling him to relief, and there are no active complaints in this matter. As such, the Court must deny his motion to appoint *pro bono* counsel.

THEREFORE, it is on this   30th   day of September 2019;

**ORDERED** that the Clerk of the Court shall REOPEN this matter solely so that the Court may consider Plaintiff's requests to reopen and to appoint *pro bono* counsel (ECF No. 9); and it is further

**ORDERED** that Plaintiff's requests to reopen and to appoint *pro bono* counsel (ECF No. 9) are DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he must submit a comprehensive proposed amended complaint, along with a motion to amend, and a brief in support of his motion, within forty-five (45) days of this Order; and it is further

**ORDERED** that the Clerk of the Court shall once again CLOSE this case; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

                                                 s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge